UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY DIAZ,

      Plaintiff,

v.                                           Case No. 8:18-cv-2320-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **ORDER**

Plaintiff, Mary Diaz, seeks judicial review of the denial of her claims for disability benefits and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### **A.    Procedural Background**

Plaintiff protectively filed applications for disability benefits and supplemental security income on March 24, 2015. (Tr. 18, 204–05, 208–11.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 119–24, 129–38.) Plaintiff then requested an administrative hearing. (Tr. 139–40.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 31–53.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 18–25.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–5.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.  **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning on March 14, 2014.[1] (Tr. 208.) Plaintiff, who speaks Spanish and limited English, attended three years of college in Puerto Rico. (Tr. 38.) Plaintiff's past relevant work experience was as a cashier. (Tr. 230, 249.) Plaintiff alleged disability due to fibromyalgia, chronic pain, lower back pain, herniated discs in the lower back and neck, and psoriasis. (Tr. 229.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 14, 2014, the alleged onset date. (Tr. 20.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease and shoulder t [sic]." (Tr. 20.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently in light work as defined by the regulations. The claimant can stand and walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday with normal breaks. The claimant is capable of performing all postural activities occasionally, including climbing ladders, ropes, scaffolds, ramps and stairs; balancing, stooping, crouching, kneeling and crawling. The claimant is limited to frequent overhead reaching with the left upper extremity. The claimant should avoid even moderate exposure to excessive vibration and hazards.

(Tr. 21.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that

---

[1] Plaintiff identified that onset date in her application for supplemental security income. (Tr. 208.) In her application for disability benefits, Plaintiff identified an onset date of November 27, 2013. (Tr. 204.)

2

reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (Tr. 21–23.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a cashier. (Tr. 24.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe

impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raised two issues on appeal but only one remains.[2] In the remaining issue on appeal, Plaintiff contends that the ALJ erred by failing to give res judicata effect to an RFC finding in a prior decision. Plaintiff notes that had the ALJ applied res judicata to the prior decision, she would have been found disabled as of January 13, 2016. In support of her contention, Plaintiff cites *Lively v. Secretary of Health & Human Services*, 820 F.2d 1391 (4th Cir. 1987), *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). Plaintiff asserts that this case should be reversed and remanded for payment of benefits as of January 13, 2016 or remanded with instructions for the ALJ to consider the prior decision and defer to the RFC finding therein if the evidence demonstrates no improvement in Plaintiff's condition. (Dkt. 23 at 5–6.)

Plaintiff's contention does not warrant reversal or remand. The Social Security Act directs that "[t]he findings and decisions of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). In accordance with the Act, the Commissioner's regulations direct that res judicata applies where the Commissioner has made a previous final decision based on the "same facts and the same issue or issues." 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1). The SSA has also issued policy statements addressing res judicata:

> if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during

---

[2] Plaintiff's second issue was dismissed on October 18, 2019. (Dkt. 29.)

> a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

Acquiescence Ruling (AR) 98-4(6), 63 Fed. Reg. 29,771, 29,773 (June 1, 1998); *see also* AR 00-1(4), 65 Fed. Reg. 1936, 1938 (Jan. 12, 2000); AR 97-4(9), 62 Fed. Reg. 64,038, 64,039 (Dec. 3, 1997); *Randolph v. Astrue*, 291 F. App'x 979, 981-82 (11th Cir. 2008) (quoting agency policy in AR 97-4(9) and recognizing that the SSA issued each AR following the decisions on which Plaintiff relies—*Drummond*, *Lively*, and *Chaves*).

The Eleventh Circuit has not addressed this issue in a published opinion. In unpublished opinions, however, it has held repeatedly that administrative res judicata does not apply when a claimant's current application involves an unadjudicated period.[3] *See Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014) (holding that ALJ properly declined to give res judicata effect to an earlier decision, even though to do so would have resulted in a finding of disability, because the prior decision adjudicated a different time period); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (holding that ALJ did not err in declining to give preclusive effect or defer to a prior RFC finding because the application at issue concerned an unadjudicated time period); *Moreno v. Astrue*, 366 F. App'x 23, 27 (11th Cir. 2010) (holding that ALJ did not err by declining to give preclusive effect to a prior RFC finding because the instant application concerned an unadjudicated time period); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) (holding res judicata did not apply because the factual time period for plaintiff's current application is different from her previous application). Relying on those cases, courts in

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

this district also have concluded that administrative res judicata does not apply when a claimant's current application involves an unadjudicated period. *See Rodriguez-Torres v. Saul*, No. 8:18-cv-1982-T-SPF, 2019 WL 4267955, at *2–3 (M.D. Fla. Sep. 10, 2019) (concluding that ALJ did not err in failing to consider the findings in the prior ALJ decision or apply the previous RFC findings because his decision was based on an unadjudicated period of time), *appeal docketed*, No. 19-14197 (11th Cir. Oct. 23, 2019); *Sextro v. Comm'r of Soc. Sec.*, No. 8:18-cv-1516-T-JSS, 2019 WL 4164963, at *4 (M.D. Fla. Sep. 3, 2019) (concluding res judicata did not apply because the claim on appeal concerned a different time period unadjudicated by the prior ALJ); *Bergschneider v. Comm'r of Soc. Sec.*, No. 8:16-cv-3236-T-17CM, 2018 WL 4760784, at *2 (M.D. Fla. Feb. 27, 2018) (overruling objection on res judicata ruling because decisions addressed different periods of time).

Plaintiff fails to demonstrate that res judicata should apply. Here, Plaintiff filed her prior claims for disability benefits and supplemental security income on March 22, 2012, alleging her disability began January 1, 2012. (Tr. 57.) The adjudicated period in those claims was from January 1, 2012, through November 26, 2013, the date of ALJ's decision. (Tr. 64.) In her current claims, Plaintiff alleged a disability onset date of March 14, 2014, and the adjudicated period was from that date through October 16, 2017, the date of the ALJ's decision.[4] (Tr. 25.) Because the ALJ's disability determination in the instant case was based on an unadjudicated period of time, the ALJ was not bound by res judicata principles and did not err in failing to consider the findings in the prior ALJ decision or in failing to defer to the previous RFC findings. *See Griffin*, 560 F. App'x at 844; *McKinzie*, 362 F. App'x at 73; *Moreno*, 366 F. App'x at 27; *Luckey*, 331 F. App'x at 638.

---

[4] This is true even if the adjudicated period in this case began on November 27, 2013, the onset date Plaintiff provided in her application for disability benefits and the day after the prior decision was rendered.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 10, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record